**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM J. BLUE, III, | No. 09-15604 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-01256-GEB-EFB |
| v. | |
| C. SCAVETTA, | MEMORANDUM* |
| Defendant - Appellee, | |
| and | |
| N. GRANNIS; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted March 16, 2010**

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

William J. Blue, III, a California state prisoner, appeals pro se from the district court's summary judgment in his action alleging that defendant Scavetta improperly denied him single-cell status for his obstructive sleep apnea, in violation of 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on the ADA claim because Blue did not raise a triable issue as to whether he was discriminated against by reason of, or entitled to an accommodation for, his alleged disability. *See Pierce v. County of Orange*, 526 F.3d 1190, 1214-15 (9th Cir. 2008) (stating requirements to show an ADA violation).

The district court properly granted summary judgment on the due process claim because Blue failed to raise a triable issue as to whether he had a cognizable liberty interest at stake. *See Anderson v. County of Kern*, 45 F.3d 1310, 1315, *amended by*, 75 F.3d 448 (9th Cir. 1995) (stating that the placement of an inmate in less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence).

The district court properly granted summary judgment on the Eighth Amendment claim because Blue did not raise a triable issue as to whether

defendant was deliberately indifferent to a serious medical need. *See Toguchi*, 391 F.3d at 1057 (stating that a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to inmate health and safety).

Blue's remaining contentions are unpersuasive.

**AFFIRMED.**